UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

FRANCIS MACKEY DAVISON, III,

            Petitioner,

vs.                       Case No.  2:06-cv-542-FtM-29DNF
                            (Case No. 2:03-cr-122-FTM-29DNF)

UNITED STATES OF AMERICA,

            Respondent.

_____

**OPINION AND ORDER**

      This matter comes before the Court on Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct a Sentence[1] by a Person in Federal Custody (Doc. #1).  Petitioner also filed what will be deemed a memorandum in support of his § 2255 motion (Doc. #2) and an affidavit (Doc. #3).  The government filed its Response (Doc. #7), and petitioner filed an Amended Motion to Vacate, Set Aside, or Correct an Illegal Sentence Pursuant to 28 U.S.C. § 2255 (Doc. #8.)

**I.**

      On November 12, 2003, a two-count Superseding Indictment (Doc. #5) was filed charging that petitioner possessed child pornography, in violation of 18 U.S.C. §§ 2252 (a)(4)(B) and 2252 (b)(2) (Count

_____

[1]Docket numbers referring to the corresponding criminal case, Case No. 2:03-cr-122-FtM-29DNF, are cited as (Cr. Doc. #). Citations to documents in petitioner's civil case that is the subject of the § 2255 motion are cited as (Doc. #).

One), and that petitioner received child pornography, in violation of 18 U.S.C. §§ 2252(a)(2) and 2252(b)(1) (Count Two).  Defense counsel filed Defendant's Motion to Suppress (Cr. Doc. #30) seeking to suppress statements petitioner made to his state probation officer while under state probation on a conviction for lewd or lascivious conduct.  An evidentiary hearing was conducted before the undersigned on March 16, 2004, at which time defendant testified.  The Court entered a written Order (Cr. Doc. #33) later that day denying the motion.  On March 17, 2004, petitioner plead guilty to Count I without a written plea agreement (Cr. Doc. #36) and the government dismissed Count II (Cr. Doc. #38).  On June 14, 2004, petitioner was sentenced to 120 months imprisonment, which was the mandatory minimum sentence.  On July 2, 2004, petitioner filed a Notice of Appeal, and a September 8, 2005 mandate by the Eleventh Circuit affirmed the conviction and sentence (Cr. Doc. #54).  United States v. Davison, 146 Fed. Appx. 332 (11th Cir. 2005), cert. denied, 546 U.S. 906 (2005).

## II.

Petitioner's timely 2255 motion (Doc. #1) seeks a reduction in the sentence to 63-78 months so that petitioner will be able to enter a prison sex offender rehabilitation program which is currently unavailable to him because of the length of his sentence. Petitioner relies upon Koon v. United States, 518 U.S. 81 (1996).

This claim is not cognizable in a § 2255 proceeding.  "Relief under 28 U.S.C. § 2255 is reserved for transgressions of

constitutional rights and for that narrow compass of other injury that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." Lynn v. United States, 365 F.3d 1225, 1232 (11th Cir. 2004), cert. denied, 125 S. Ct. 167 (2004) (quoting Richards v. United States, 837 F.2d 965, 966 (11th Cir. 1988))(internal quotation and citation omitted). Koon did not authorize the Court to impose a sentence under the mandatory minimum at sentencing, United States v. Simpson, 228 F.3d 1294, 1302-03 (11th Cir. 2000), and does not authorize the Court to reduce a sentence in a post-conviction proceeding. As the Court stated at sentencing, the Court "would recommend that the defendant be allowed to participate in the sexual offender program at Butner if and when he's eligible. It's my understanding that the sentence is too long for immediate eligibility, but that may come about in the future and the Court would make that recommendation." (Doc. #49, p. 33.) Since petitioner has not set forth any valid reason which would allow the Court to impose a sentence less than 120 months, his § 2255 motion is denied.

## III.

In his Amended Motion (Doc. #8), petitioner seeks the same relief but frames the issues in terms of ineffective assistance of counsel. Petitioner asserts that his counsel was ineffective because he (1) failed to consult with petitioner about the statements petitioner disclosed to a state polygraph examiner and

state probation officer that ultimately led to the underlying federal criminal case; (2) failed to research the law or move for a continuance so that petitioner would benefit from a change in the sentencing guidelines; (3) failed to prepare for sentencing; and (4) failed to properly advise him in connection with his guilty plea.  The record refutes all of these claims.

Issues of ineffective assistance of counsel can be raised in a § 2255 proceeding even where petitioner could have raised the issues on direct appeal but failed to do so.  Massaro v. United States, 538 U.S. 500 (2003).  The Supreme Court established a two-part test for determining whether a convicted person is entitled to habeas relief on the ground that his or her counsel rendered ineffective assistance: (1) whether counsel's representation was deficient, i.e., "fell below an objective standard of reasonableness"; and (2) whether the deficient performance prejudiced the defendant, i.e., there was a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  Strickland v. Washington, 466 U.S. 668, 687-88 (1984); see also Florida v. Nixon, 543 U.S. 175 (2004); Wiggins v. Smith, 539 U.S. 510 (2003); Williams v. Taylor, 529 U.S. 362 (2000).  A court must "judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct."  Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000) (quoting Strickland, 466 U.S. at 690).  This judicial scrutiny is "highly deferential."  Id.

-4-

A court must adhere to a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. Strickland, 466 U.S. at 689-90.  An attorney is not ineffective for failing to raise a meritless issue.  Ladd v. Jones, 864 F.2d 108, 109-10 (11th Cir. 1989), cert. denied, Ladd v. Burton, 493 U.S. 842 (1989); United States v. Winfield, 960 F.2d 970, 974 (11th Cir. 1992).

Petitioner's claim that his attorney did not speak with him about his statement to the state probation officer which led to his federal indictment is conclusively refuted by the record.  Defense counsel filed a motion to suppress evidence (Cr. Doc. #30) based upon these facts, and petitioner testified at the suppression hearing.

Petitioner's claim that his attorney failed to research the law or move for a continuance so that petitioner would benefit from a change in the Sentencing Guidelines is also without merit. Petitioner's sentence was based upon the statutory mandatory minimum, not the nuances of the Sentencing Guidelines.  Neither petitioner's reliance on Koon nor other Sentencing Guidelines provisions would have changed the requirement that the mandatory minimum sentence be imposed.  Additionally, nothing has changed with regard to the statutory minimum, and neither further research nor a continuance of the sentencing would have assisted petitioner.

A review of the sentencing transcript (Cr. Doc. #49) clearly reveals defense counsel was prepared for sentencing.  He was

-5-

actively involved in the hearing, raised various objections under the Sentencing Guidelines, and recognized that petitioner's dilemma resulted from the statutory mandatory minimum sentence.  Petitioner stated that he read the presentence report and discussed its contents with his attorney (Cr. Doc. #49, pp.3-4).   Moreover, petitioner's attorney (1) raised factual objections to the presentence report (Id. at p. 4); (2) raised multiple objections to the application of the guidelines (Id. at pp. 5-18); and (3) reminded the court as to why petitioner's guilty plea was not untimely such that the government's motion for the third level of acceptance in the case had merit.   Additionally, petitioner conferred with his counsel during sentencing (Id. at pp. 16, 17). Consequently, the Court finds no ineffective assistance of counsel.

Finally, as to petitioner's claim of ineffective assistance of counsel in connection with the guilty plea, the Court asked petitioner during the guilty plea colloquy (1) whether he had enough time to meet with his attorney and discuss the case with him; (2) whether he was satisfied with the way he had been represented by his attorney; and (3) whether he had any complaints, either about what his attorney had done, or not done.  (Cr. Doc. #48, p. 12.)  Petitioner answered under oath that he had enough time to meet with his attorney and discuss the case, he was satisfied with the representation by his attorney, and that he did not have complaints about his attorney. (Id.)   The record establishes that there was no ineffective assistance of counsel.

Accordingly, it is now

**ORDERED:**

1.  Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody (Doc. #1) is **DENIED.**

2.  Petitioner's Amended Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody (Doc. #8) is **DENIED.**

3.  The Clerk shall enter judgment in the civil case accordingly and close the file.  The Clerk shall file a certified copy of the judgment in the associated criminal case.

**DONE AND ORDERED** at Fort Myers, Florida, this ___19th___ day of February, 2008.

_____
JOHN E. STEELE
United States District Judge

Copies:
Counsel of Record
Francis Mackey Davison, III